## Deputy Estate

*B. S. Altshuler* and *Nissenbaum & Maurer*, for petitioner.

*A. H. Ladner, Jr., P. N. Calabro* and *Sterling, Stern & Levy*, for administrators.

*Joseph T. Coghlan, Jr.*, and *Frank F. Truscott*, for City of Philadelphia.

OLIVER, P. J., September 12, 1950.—The court has before it an account stated by the administratrix of the estate of Joseph F. Eckard, deceased, the guardian of the above incompetent, which it is asked to approve and also to direct distribution. Eckard died intestate and insolvent; he had never maintained either a personal or fiduciary bank account. He maintained an office account styled "Anna E. Woods, collection account", into which went all funds of the office. (Anna E. Woods was his employe, being known as the office manager.)

Charles Deputy, the incompetent, is also deceased and letters were issued upon his estate. Accounts have been filed in both the Eckard and Deputy estates and these accounts are now in process of adjudication in the orphans' court of this county.

Subsequent to the filing of the present account, a petition for the confirmation thereof and for distribution was duly filed. No exceptions or objections to the

account are of record, nor is there any answer to the petition for confirmation. No claims have been presented by creditors.

Anna E. Woods has presented a petition praying "that an order be entered on Mildred Eckard Boddy as the accountant in the estate of Charles Deputy, deceased, to show cause why she should not repay to Anna E. Woods collection account, the sum of $4,503.97 wrongfully paid to the estate of Charles Deputy". Testimony was taken pursuant to that rule.

The account as stated shows a balance due the incompetent's estate of $5,509.14. According to the above testimony, after the account had been filed payments were made to the incompetent's estate in the amount of $4,503.97, leaving a balance of $1,005.17.

It is for the purpose of trying to retrieve this $4,503.97 that Anna E. Woods has filed her petition; she has no personal interest in this matter nor in the Eckard or Deputy estates; she is the agent of the administratrix of the Eckard estate; if the administratrix is entitled to recover the sum from the Deputy estate, her action is in the orphans' court and not here.

There has also been presented a petition for the appointment of a substituted guardian to replace Eckard; but there are no assets to be administered. It is contended that such substituted guardian could bring an action against the surety on Eckard's bond. The party in interest and entitled to bring such action is the Deputy estate, for whose benefit and protection the bond was entered.

Accordingly the court dismisses the petition as filed by Anna E. Woods, and also the petition for the appointment of substituted guardian, without prejudice to whatever rights the parties may have in the orphans' court.

Further the court confirms the account, allowing credit for distribution, and awards the balance, to

wit, $1,005.17, to the estate of Charles Deputy, deceased.

In accordance therewith the court enters the following

### Order

And now, to wit, September 12, 1950, the account as filed is approved and the balance shown for distribution (after allowing credit for distribution), to wit, $1,005.17, is awarded to the estate of Charles Deputy, deceased. Upon filing of the proper receipt therefor, the guardian is discharged from the duties of his office and he, his estate and his surety are relieved from any further liability under the bond as filed upon the appointment of the guardian.

The petition of Anna E. Woods is dismissed without prejudice to whatever rights the parties may have in the orphans' court.

The petition for the appointment of a substituted guardian is dismissed.